E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
RANEE A. KATZENSTEIN (Cal. Bar No. 187111)
Assistant United States Attorney
Criminal Appeals Section
    1000 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2432
    Facsimile: (213) 894-6269
    E-mail:    ranee.katzenstein@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE ACCOUNTS IDENTIFIED AS annq2672@gmail.com; aqfinancials@gmail.com; and service@aqfinancials.com THAT IS STORED AT PREMISES CONTROLLED BY Google LLC | No. 2:24-MJ-6484 <br><br> GOVERNMENT'S EX PARTE APPLICATION FOR ORDER SEALING DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RANEE A. KATZENSTEIN <br><br> **(UNDER SEAL)** |

    The government applies ex parte for an order directing that the search warrant and all attachments thereto, the application for the search warrant and all attachments thereto, as well as this ex parte application, the memorandum of points and authorities, the declaration of RANEE A. KATZENSTEIN, and this Court's sealing order, and all documents subsequently filed under this same case number until such time as an unsealing order is issued, be kept under seal until further order of the Court, or until the government determines that these materials are subject to its discovery obligations in connection with criminal proceedings, at which time they may be produced to defense counsel.

This ex parte application is based on the attached memorandum of points and authorities, the declaration of RANEE A. KATZENSTEIN, and the records and files in this case, including the application for search warrant and attachments thereto.

Dated: October 24, 2024           Respectfully submitted,

                                  E. MARTIN ESTRADA
                                  United States Attorney

                                  MACK E. JENKINS
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                     /s/
                                  RANEE A. KATZENSTEIN
                                  Assistant United States Attorney

                                  Attorneys for Applicant
                                  UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

The government requests that this Court seal the search warrant and application for search warrant, and all attachments thereto, as well as this ex parte application and all supporting documents, to maintain the integrity of its investigation. Approval from this Court to seal these documents is required under Local Rule 79-5.1.

The Court of Appeals for the Ninth Circuit has held that district courts have the inherent power to seal affidavits in support of warrants. In re Sealed Affidavit (Agosto), 600 F.2d 1256 (9th Cir. 1979) (per curiam) (holding that even aside from Federal Rule of Criminal Procedure 41 "courts have inherent power, as an incident of their constitutional function, to control papers filed with the courts within certain constitutional and other limitations"); see also Offices of Lakeside Non-Ferrous Metals, Inc., 679 F.2d 778, 779-80 (9th Cir. 1982) (citing Agosto).

The Court of Appeals for the Seventh Circuit has rejected the proposition that pre-indictment disclosure of a warrant affidavit is required under either constitutional principles or Federal Rule of Criminal Procedure 41. In re EyeCare Physicians of America, 100 F.3d 514 (7th Cir. 1996). In doing so, the Seventh Circuit held:

> By the very nature of a secret criminal investigation of this type, the target of an investigation more often than not remains unaware of the specific grounds upon which a warrant was issued. If preindictment disclosure of sealed warrant affidavits was required to satisfy due process (assuming there had been a predicate deprivation of life, liberty or property), the hands of law enforcement would be needlessly tied and investigations of criminal activity would be made unduly difficult if not impossible.

Id. at 517. Accord In re Grand Jury Proceedings, 115 F.3d 1240, 1247 (5th Cir. 1997).

1    Here, for the reasons described in the attached declaration,
2 sealing is necessary to maintain the integrity of the government's
3 investigation.  Accordingly, the government requests that the search
4 warrant and all attachments thereto, the application for the search
5 warrant and all attachments thereto, as well as this <u>ex parte</u>
6 application, the memorandum of points and authorities, the
7 declaration of RANEE A. KATZENSTEIN, this Court's sealing order, and
8 all documents subsequently filed under this same case number until
9 such time as an unsealing order is issued, be kept under seal until
10 further order of the Court, or until the government determines that
11 these materials are subject to its discovery obligations in
12 connection with criminal proceedings, at which time they may be
13 produced to defense counsel.

DECLARATION OF RANEE A. KATZENSTEIN

I, RANEE A. KATZENSTEIN, declare as follows:

1.  I am an Assistant United States Attorney assigned to this investigation for United States Attorney's Office for the Central District of California.  As part of the investigation, the government is seeking a search warrant pursuant to 18 U.S.C. § 2703 for information associated with the accounts identified as annq2672@gmail.com; aqfinancials@gmail.com; and service@aqfinancials.com that is stored at premises controlled by Google LLC, which accounts are believed to contain evidence regarding violations of 26 U.S.C. §§ 7206(1) and 7206(2).

2.  For the reasons set forth in the application for search warrant and affidavit submitted therewith, premature disclosure of the warrant or the information in the warrant application could seriously jeopardize the investigation, which is ongoing.  If the targets of the investigation were to learn of this request or the steps already taken in the investigation, as described in the affidavit, they could destroy evidence, change patterns of behavior, seek to further hide their identity, or take further steps to flee from prosecution and avoid contact with law enforcement authorities.  Furthermore, the search warrant application sets forth detailed information about the status of the investigation, which, if revealed, would compromise the ongoing investigation.  For example, users of any accounts involved in this investigation may cease using those accounts and begin using other accounts or aliases in connection with their illicit activities.

3.  Accordingly, the government requests that the search warrant and all attachments thereto, the application for the search

1 warrant and all attachments thereto, as well as this ex parte
2 application, the memorandum of points and authorities, this
3 declaration, this Court's sealing order, and all documents
4 subsequently filed under this same case number until such time as an
5 unsealing order is issued, be kept under seal until further order of
6 the Court, or until the government determines that these materials
7 are subject to its discovery obligations in connection with criminal
8 proceedings, at which time they may be produced to defense counsel.
9     I declare under penalty of perjury under the laws of the United
10 States that the foregoing is true and correct to the best of my
11 knowledge and belief and that this declaration is executed at Los
12 Angeles, California, on October 24, 2024.

                                    _____
                                    RANEE A. KATZENSTEIN